IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JACQUELYN W. PENA, as next friend of ALEX A. ROMEL, a minor child | § § § | |
| VS. | § § § | CIVIL ACTION NO. B-01-176 (JURY REQUESTED) |
| SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § | |

## DEFENDANT'S FIRST AMENDED ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Defendant in the above-styled and numbered cause, and files this, its First Amended Answer to Plaintiff's Original Petition and would show the Court the following:

## I.

## ANSWER

1.      Defendant denies the allegations in Paragraph 1.01 of Plaintiff's Original Petition, as Texas Rule of Civil Procedure 190 is inapplicable to this Federal Court case.

2.      Defendant admits the allegations is Paragraph 2.01 and 2.02 of Plaintiff's Original Petition.

3.   Defendant requests a trial by jury, as does Plaintiff is Paragraph 3.01 of Plaintiff's
     Original Petition.

4.   Defendant admits this Court has jurisdiction.  Defendant denies that Plaintiff has
     suffered any damages.  Defendant otherwise denies the allegations in Paragraph 4.01
     of Plaintiff's Original Petition.

5.   Defendant admits that all or a substantial part of the events giving rise to Plaintiff's
     claims occurred in Cameron County.  Defendant otherwise denies the allegations in
     Paragraph 4.02 of Plaintiff's Original Petition.

6.   Defendant admits that Alex A. Romel is a former student of Berta Cabaza Middle
     School, which is part of the San Benito Consolidated Independent School District.
     Defendant otherwise denies the allegations in Paragraph 5.01 of Plaintiff's Original
     Petition.

7.   Defendant admits that Alex A. Romel was involved in an altercation at school.
     Defendant otherwise denies the allegations in Paragraph 5.02 of Plaintiff's Original
     Petition.

8.   Defendant admits that Alex A. Romel's altercation was reported to the school and
     that Alex A. Romel was disciplined for his role in the altercation.  Defendant
     otherwise denies the allegations in Paragraph 5.03 of Plaintiff's Original Petition.

9.     Defendant denies the allegations in Paragraphs 5.04, 5.05, 5.06, and 5.07 of Plaintiff's Original Petition.

10.    Defendant denies the allegations in Paragraph 6.01 of Plaintiff's Original Petition.

11.    Defendant denies the allegations in Paragraph 7.01 of Plaintiff's Original Petition.

12.    Defendant denies the allegations in Paragraph 8.01 of Plaintiff's Original Petition.

13.    Defendant denies the allegations in Paragraph 9.01 of Plaintiff's Original Petition, in that Plaintiff did not properly exhaust all of the School District's appeal procedures.

14.    Defendant denies that Plaintiff is entitled to the relief sought in the Prayer of Plaintiffs' Original Petition.

## II.

### AFFIRMATIVE DEFENSES

15.    Defendant is entitled to sovereign immunity and governmental immunity from both liability and suit.  Defendant has not waived its right to sovereign immunity.

16.     Defendant would show that any and all injuries or damages complained of were caused by the contributory negligence of Alex A. Romel.

17.    Defendant was at all times acting in good faith, in a reasonable manner, within the discretionary authority of public office, and is entitled to qualified immunity for all

claims alleged in Plaintiffs' Original Petition.  Furthermore, Plaintiffs have failed to

allege that Defendant violated Plaintiffs' clearly established constitutional rights of

which a reasonable person should have known.  Defendant raises the federal defense

of qualified immunity.

18.     Defendant is further entitled to immunity from any and all liability in connection with

Plaintiffs' claims under the state doctrine of official immunity.  Furthermore,

Plaintiffs have failed to specify how Defendant would not be entitled to official

immunity either because Defendant was not performing discretionary duties, was not

acting in good faith, or was not acting within the scope of Defendant's authority, as

is required by Texas law.  Defendant raises the state defense of official immunity.

19.     Defendant seeks reasonable costs and attorney's fees as a prevailing party pursuant

to 42 U.S.C. §1988.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone    : (956) 541-1846
Facsimile    : (956) 541-1893

BY: _Eileen M. Leeds cop sm_

EILEEN M. LEEDS
State Bar No. 00791093
Federal I.D. No. 16799

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION has been served by mailing same, Certified Mail, Return Receipt Requested to all counsel of record, as follows:

**(Via CMRRR#7001-1140-0002-2375-3198)**
Mr. J. Arnold Aguilar
LAW OFFICE OF J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

on this 31st day of October, 2001.

EILEEN M. LEEDS